EDWARD SODOMKA, APPELLEE, V. CUDAHY PACKING COM-
PANY ET AL., APPELLANTS.

FILED JULY 3, 1917. No. 19192.

1. Negligence: COMPARATIVE NEGLIGENCE. In an action for damages
caused by the negligence of the defendant, the plaintiff may re-
cover, although himself guilty of contributory negligence, if his
negligence was slight as compared with the negligence of the
defendant.

2. ———: ———: QUESTION FOR JURY. In such case questions of neg-
ligence and contributory negligence are for the jury, and it is for
the jury to find whether the plaintiff's negligence, if any, was
slight as compared with that of the defendant. But, as in other
cases, the verdict must have evidence to support it.

3. ———: GROSS NEGLIGENCE. To open the door of an elevator shaft
and then turn one's back thereto and so enter it without looking
to see whether the elevator is there is such gross negligence that
one so doing cannot recover damages caused by falling down the
shaft.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE. *Reversed.*

*James C. Kinsler,* for appellants.

*William R. Patrick* and *C. J. Southard, contra.*

SEDGWICK, J.

The plaintiff, an employee of the defendant, fell into the
elevator shaft and was injured, and brought this action
against the defendant to recover damages. There was a
verdict and judgment for the plaintiff for $10,000. The de-
fendant appealed. It is the companion case with *Sodomka
v. Cudahy Packing Co.,* p. 448, *post,* which arose out of the
same transaction.

The plaintiff, in the performance of his duties, under-
took to take a two-wheel truck by way of the elevator from
the first floor to the third floor. He went to the elevator
with his truck, and rang for the third floor. He opened the
door of the elevator, and then turned his face to the truck,
and when he heard the elevator come up he backed into the
shaft, supposing that the elevator had stopped; but the

Sodomka v. Cudahy Packing Co.

elevator had gone on up to the next floor, and so he fell and hurt himself. He relies upon a custom to call the elevator by a certain number of rings indicating the floor at which it is to stop. The evidence shows that the elevator went to the next floor above. The plaintiff says the custom was, when the elevator man was not intending to stop the elevator where it is called, that the elevator man should notify him that he was going up higher, and he relied upon this custom, and so did not look to see whether the elevator had stopped or not. There is some evidence of a custom, as the plaintiff contends, to enter the elevator shaft backward without looking to see whether the elevator was there. Whether this custom, if there was one, was confined to this young man alone is not very clear. He was about 17 years of age, had worked in this building about two years, and ought to know that such a custom was dangerous, and to follow and rely upon such a custom was gross negligence. If we admit that the elevator man was not a fellow servant, and admit that he was negligent in not notifying the plaintiff that he did not intend to stop at his floor, and that therefore the negligence of the defendant was a proximate cause of the injury, the question then comes as to the negligence of the plaintiff himself. If the negligence of the plaintiff was slight in comparison with the negligence of the defendant, he might still recover.

We think that to back into the elevator shaft without looking where he was going is negligence, and that it is such gross negligence that no jury should be allowed to find that it was slight in comparison with the negligence of the defendant. It is difficult to see how one could be guilty of more gross negligence than to back into an elevator shaft without looking to see where he was going. His relying upon a custom when nature had given him eyes is not excusable.

The judgment of the district court is

REVERSED.

MORRISSEY, C. J., dissents.

LETTON, J., not sitting.