THOMAS MCHUGH *v.* FIRST HUNTINGTON NATIONAL BANK

(No. 8535)

Submitted May 11, 1937. Decided June 1, 1937.

*Lilly & Lilly* and *Robert E. White,* for plaintiff in error.

*Fitzpatrick, Brown & Davis, Edmund A. Marshall* and *Jackson N. Huddleston,* for defendant in error.

HATCHER, JUDGE:

The question here is the extent an invitee may rely upon the assurance of the invitor.

This is an action in damages for personal injuries. Upon conclusion of plaintiff's opening statement to the jury, the trial court directed a verdict for defendant on the ground that the statement showed plaintiff was not entitled to recover. While concurring in the procedure, he excepted to the ruling.

According to the statement, plaintiff and one other were working for a contractor, who had been employed by defendant to do some work in the lobby of its bank building. The work involved the use of an elevator. Shortly before the accident, defendant's building manager informed plaintiff that the contractor and his workmen were to have exclusive use of a certain elevator

about their work, without interference from any of defendant's employees. Whereupon plaintiff moved some material on that elevator to the lobby, unloaded the material and allowed the door of the elevator shaft to close automatically. After performing some brief duties, he started to re-enter the elevator. In the meantime, an employee of defendant had moved the elevator, and neither the contractor nor his workmen had been notified. While plaintiff was opening the shaft door, his attention was claimed by his fellow workman who was remaining in the lobby, and after the door was open, plaintiff stepped into the shaft without looking, fell and received severe injuries. The shaft doorway was well lighted.

Defendant contends that plaintiff was negligent as a matter of law in entering the shaft without looking, and relies especially on *Sodomka* v. *Cudahy Packing Co.*, 101 Neb. 446, 163 N. W. 809. In that case, because of a custom to have the elevator available upon call, Sodomka, after call, opened the elevator shaft door, stepped in backwards and the elevator not being there, was injured. The court held that he was negligent as a matter of law. Defendant does not cite any case where an invitee was injured through reliance upon the express assurance of an invitor.

The authorities justify one for relying upon an assurance made to him by another, where, under the same or similar circumstances, a person of average prudence would have done so. *Moore* v. *Jefferson Distilling & Denaturing Co.*, 12 La. 405, 123 So. 384; *Coppin Co.* v. *Richards*, 191 Ky. 720, 231 S. W. 229; *McDermott* v. *Straus*, 123 App. Div. 303, 108 N. Y. S. 5; Labatt, Master and Servant (2d), sec. 1373; Thompson, Negligence, sec. 5336; Shearman and Redfield, Negligence (6th Ed.), sec. 91; 45 C. J., subject Negligence, sec. 513. Most cases on this subject relate to assurance of master to servant or of trainman to passenger; but the authorities make no attempt to differentiate the assurance of invitor to invitee, and we see no reason for doing so. When defendant undertook to maintain an elevator for the exclusive use

of the contractor and his workmen, it became defendant's duty to exercise reasonable care to fulfil that undertaking. "When the employer * * * undertakes to provide any of the instrumentalities, he owes to the contractor and his servants the duty of care in respect to those * * * duties which he undertakes to perform." *Roddy* v. *Missouri Pac. Ry. Co.,* 104 Mo. 234, 15 S. W. 1112, 12 L. R. A. 746, 24 Am. St. Rep. 333. Accord: *Arizona Co.* v. *Dickson,* 22 Ariz. 163, 195 P. 538, 44 A. L. R. 881, 886. Though plaintiff, in using the elevator, could not place a careless reliance on the assumption that defendant would protect him from danger, he did have the abstract right to presume that defendant would exercise reasonable care to perform the duty it had assumed, and especially would take reasonable precaution to prevent its employees from using the elevator. Without a warning of some kind, he was not required to watch for a danger which might arise if defendant neglected the precaution, unless, under the same or similar circumstances, a person of average prudence would have done so. What average prudence would have dictated in this case is essentially a jury question. *Snyder* v. *Pittsburgh, C. & St. L. Ry. Co.,* 11 W. Va. 14, 38; *Fowler* v. *Baltimore & O. R. Co.,* 18 W. Va. 579; *Killmyer* v. *Wheeling Traction Co.,* 72 W. Va. 148, 152-3, 77 S. E. 908, 48 L. R. A. (N. S.) 683, Ann. Cas. 1915C, 1220; *Standard Steel Car Co.* v. *McGuire,* 161 Fed. 527; *Pinello* v. *Taylor,* 128 Cal. App. 508, 17 P. (2d) 1039; *Underhill* v. *Major,* 220 App. Div. 173, 221 N. Y. S. 123; *Young* v. *Philadelphia Rapid Transit Co.,* 248 Pa. 174, 93 A. 950; 45 C. J., subject Negligence, sec. 512; 20 R. C. L., subject Negligence, sec. 101; Shearman and Redfield, *supra,* sec. 92.

The judgment is reversed and a new trial awarded plaintiff.

*Reversed; new trial awarded.*