ALBERT MERRILL *versus* THE INHABITANTS OF HAMPDEN.

It is the duty of the Judge to instruct the jury upon every point of law raised by the case, if thereto requested by either of the parties; but he is not bound to give the instruction in the language of the request, even if the principle therein contained be correct. In determining whether the instructions requested were properly withheld or given, they must be examined in connection with the cause of action, the proof adduced, and the other instructions given. But it is never required, that the jury should be instructed upon abstract principles of law, or upon hypothetical points and cases.

In an action against a town to recover damages for an injury alleged to have been caused by a defect in a highway, the defendants are not bound to prove that the plaintiff's carelessness was the cause of the injury, to be relieved from liability; but the plaintiff is bound to prove, that he was in the use of ordinary care at the time of the accident, or he is not entitled to a verdict.

If there be a defect in the road, however small, which occasions an injury, the party injured using common and ordinary care, the town is liable.

If a road be safe and convenient, it is all that is required of the town. Such a state of repair in a road as would free a town from exposure to an indictment and conviction, would protect it also against a claim for damages for an injury sustained by an individual, while traveling thereon.

The law has not prescribed what imperfections in a road will constitute the defect referred to in the statute; it is a fact for the jury to settle, what condition of the road would render it safe and convenient or otherwise.

TRESPASS on the case to recover damages, alleged to have been occasioned by a defect in the road in the town of Hampden, over which the plaintiff was passing, and at which defect his horse was frightened, his wagon overturned, and he thrown out with violence and severely injured.

At the trial before TENNEY J. certain instructions were requested by the plaintiff, which the presiding Judge declined to give, and gave such as he deemed right in the case. The verdict was for the defendants, and the plaintiff filed exceptions to the refusal to instruct, and to the instructions given.

The material parts of the declaration, the requests for instruction, and the instructions given, are all found in the opinion of the Court.

*J. Appleton,* for the plaintiff, said that the first requested

instruction was believed to have been correct, and should have been given.

The second instruction requested, is in accordance with the provisions of the statute, is plain and specific in its language, and should have been granted. Rev. St. c. 25, § 89, provides, that "if any person shall receive *any* bodily injury or shall suffer any damage in his property through *any* defect or *want* of repair, in *any* highway, town way, &c." It is immaterial where the road is, or *what* or *how slight* the defect or want of repair. For any and every defect the inhabitants of towns are liable. The statute treats all roads alike, and recognizes none in which it allows the existence of *any* defects. The statute rule was refused to be given.

The instruction corresponding to this request was objectionable in divers respects. It is objectionable, because it says there is no rule of law on the subject ; because it implies, that there is a rule varying, fluctuating, and indeterminate, which rule the Court say, that it cannot state, but leave entirely to the good sense of the jury ; thus allowing them to be judges both of the law and the fact. If no precise and distinct rule "as to the kind and magnitude of the defect" can be laid down, can a vague and indistinct one be laid down ? If so, why not state it ? The fair implication from the language of the Court is, that there are, or may be, defects of some kind, and of some magnitude, for which towns are not liable. But what they are, is left in a state of uncertainty.

But who is to determine the question of law arising ? According to the instruction given, the rule is not found in the statute ; is not to be derived from the Court; but "is to be left to the good sense, experience and discretion of the jury." The juries are to be judges of the law as well as of the fact. The next clause in the instructions, that if there "was any defect, however small, which occasioned the injury, &c." "the town would not be liable," must be taken in connection with what precedes and follows, and is at variance with both. The precise and distinct rule of the statute is disregarded.

The instruction to the jury is, to consider what would be

defects "in highways like the one in question." Such is the rule or want of rule laid down for the jury. One rule for one road, and another rule for another road. It is directly adverse to the statute. *Any* defect in *any* highway renders the town liable for damages occasioned by it.

The third requested instruction should have been given. It was alleged in the writ, that the injury was occasioned by the fright of the horse — and the broad question submitted by the request was — whether a road is defective or out of repair when unusual appearances are to be allowed to remain within its limits, or upon the traveled path, which would be likely to frighten horses — and whether a town would be liable for an injury occasioned by such defect. It was contended in argument, that the town was liable for defects which might frighten a horse, and thereby occasion an injury — and that the principle had been recognized by the courts. *Howard* v. *North Bridgewater,* 16 Pick. 190 ; *Bigelow* v. *Weston,* 3 Pick. 267 ; *Cobb* v. *Standish,* 14 Maine R. 198. The instruction given entirely excluded the case of any injury caused by a fright.

It was also contended, that the instruction to the jury, that the affirmative was on the plaintiff to show ordinary care on his part, was erroneous. The law presumes ordinary care, until the want of it is shown. *Foster* v. *Dixfield,* 18 Maine R. 380.

*H. Hamlin* argued for the defendants, wherein he contended, that the two first instructions requested by the plaintiff had no relevancy to the facts proved in the case, and therefore were merely requested instructions upon abstract principles of law. The Court is not obliged to give such instructions. *Cummings* v. *McKinney,* 4 Scammon, 57.

The instructions given, or requests for instructions, must be taken as applied to the allegations in the plaintiff's writ and to the evidence in the case.

The sections 57 and 89 of the statute should be taken together, as defining the duties and liabilities of towns. The first describes the duties of towns to make their roads safe and

convenient for travelers. If that be done, towns are discharged from all liability. And the law is, that it is sufficient, if travelers can pass upon the road with safety and convenience, *using common and ordinary care.* To be defective, the road must present such obstruction, as will cause an injury to the traveler, who uses ordinary care; and if passing with a horse and wagon, as the plaintiff alleges he was, they should be suitable ones for such business. When the facts are found, what constitutes a defect is matter of law, but the jury must decide the facts. They must necessarily say, whether any defects proved did in truth cause the injury. They must determine, whether the injury was caused by the badness of the road, the viciousness of the horse, or the carelessness of the driver. The ruling of the Court submitted nothing more to the jury, than it was their appropriate province to decide.

The presiding Judge is not bound to give a requested instruction, even if correct, in the very language of the request, but only in such form and manner as comports with the real merits and justice of the case. 2 Story's Rep. 609.

The objections made by the counsel to the ruling of the Court, exist only in the imagination of the counsel. The law, as favorable to the plaintiff as his request, was very clearly laid down by the Judge. The town was liable for any injury caused by any defect, however small. What would amount to a defect, would scarcely admit of any definite rule, and must necessarily be left in some degree to the good sense of the jury. Every case must depend upon its own circumstances. No two cases can be expected to be exactly alike. It is for the jury, and not the Judge, to decide, whether any thing proved to have been in the road at the time caused the "fright" of the plaintiff's horse, and whether any fright of the horse occasioned the injury to the plaintiff.

The plaintiff was bound to prove, that he was in the use of ordinary care at the time of the alleged accident. 2 Pick. 621; 7 Pick. 188; 10 Maine R. 187.

*Kelley,* for the plaintiff, replied.

The opinion of the Court was drawn up by

TENNEY J. — The plaintiff alleges in his writ, that the road described therein " was not amended and in good repair, but," at the time described, " was and long had been defective and unsafe for travelers passing and repassing with their horses and carriages ; " " by reason of a large hole being broken through into a water course or causeway," &c. " and by reason of said hole, the horse with which the said plaintiff was riding took fright at said hole, and suddenly sprang or jumped with great violence to one side of the road," &c., " by which means the plaintiff was thrown headforemost from the wagon, in which he was riding, upon the ground,&c. whereby the plaintiff's head and face, &c. were badly bruised," &c. The plaintiff introduced evidence tending to show, that there was a hole in the road broken partially through a culvert, which hole caused the horse to be frightened, and to turn suddenly from the traveled part of the road, &c. Most of the plaintiff's witnesses represented the hole as partially filled with stones. The defendants introduced evidence tending to show, that before the accident, on the same day, the hole had been entirely filled with small stones, and the defect which had existed was perfectly repaired. Some of the defendants' witnesses testified, that there might be some depression where the hole had been. The plaintiff relied upon proof of the existence of the hole, and there was no proof that there was any unusual appearance, other than the existence of the hole ; or the mode of filling it with stones.

The plaintiff's counsel requested, that the jury might be instructed : — 1. That if the plaintiff received a bodily injury through any defect or want of repair, however slight, in the highway, over which he was traveling, he is entitled to recover for such damages as he has sustained, if the town had reasonable notice of the defect ; unless the defendants show, that the plaintiff was guilty of carelessness, and the injury was occasioned by such carelessness. 2. That the law does not regard the magnitude of the defect, but requires, that there should not be any defect. 3. That if the hole

was filled up with stones, and not covered, so that it would be likely to frighten horses, and if the plaintiff's horse was thereby frightened, it would be a defect for which the town would be liable. These instructions were not given, but the jury were instructed, that to recover, the plaintiff must show, that there was a defect in the road, that the injury was occasioned thereby, and that the plaintiff was using care, such as men commonly and ordinarily use in like circumstances. As to the kind and magnitude of the defect, which would render the town liable, no precise and distinct rule could be laid down for all cases, but upon this point much must be left to the good sense, experience and discretion of the jury ; if there was any defect however small, which occasioned the injury, the plaintiff using common and ordinary care, the town would be liable.

At the request of the defendants, the jury were instructed " that if the hole in the road was so filled with stones before the accident, as to be safe for the horse to travel over, or carriage wheels to pass over in traveling ; without any danger, the fact, that the horse was frightened at its appearance, would not render the defendants liable for any injury accruing on that account."

It is the duty of the Judge to instruct the jury upon every point of law raised by the case before him, if thereto requested by either of the parties ; but he is not bound to give the instruction in the language of the request, even if the principle therein contained, be correct. In determining whether the instructions requested were properly withheld or given, they must be examined in connection with the cause of action, the proof adduced, and other instructions which were given. It is never required, that the jury should be instructed upon abstract principles of law, or upon hypothetical points and cases.

All roads within the bounds of any town are to be duly opened and kept in repair, and amended from time to time, that the same may be " safe and convenient" for travelers and their horses, teams, carts and carriages ; and in default thereof, such town on presentment by the grand jury, and conviction,

shall pay such fine as the Court may order. Chap. 25, sect. 57, Rev. Stat. If any person shall receive any bodily injury, or shall suffer any damage in his property, through any defect or want of repair, or sufficient railing, &c., he may recover of the county, town or persons, who are by law obliged to repair the same, the amount of the damage sustained, if such county, town or persons had reasonable notice of the defect, &c. Chap. 25, sect. 89, Rev. Stat.

The instruction first requested by the plaintiff was properly withheld. The plaintiff was bound to prove that he was in the use of ordinary care, at the time of the accident, or he was not entitled to a verdict; and the defendants were not bound to prove that his carelessness was the cause of the injury, to be relieved from liability. *Butterfield* v. *Forrester*, 11 East, 60. In *Adams* v. *Carlisle*, 21 Pick. 146, which was an action for damages sustained by an alleged defect in the highway, the Court say, " the burden of proof is on the plaintiff, not only to show defects in the highway, but that he was free from negligence, or in other words, using due care and skill." The authorities upon this point are numerous, and the uniform current of them is in accordance with the instructions given. The case of *Foster* v. *Dixfield*, 18 Maine R. 380, relied upon by the plaintiff, is not inconsistent with other decisions; the Court only express a doubt, whether direct and positive proof is essential.

The Judge instructed the jury, that if there was any defect, however small, which occasioned the injury, the plaintiff using common and ordinary care, the town would be liable; this was substantially a compliance with the second request of the plaintiff so far as it had application to the case.

The third request of the plaintiff, and the instruction given at the request of the defendants may be examined in connection. Such a state of repair in a road, as would free a town from exposure to an indictment and conviction, would protect them also against a claim of damages for an injury sustained by an individual, while traveling on the same. That the road be " safe and convenient" is all that is required. *Howard &*

*al.* v. *North Bridgewater*, 16 Pick. 189. If a road is safe, it would seem to follow, that the town, which was bound to keep it in repair, would be relieved from liability to an individual for an injury received thereon; if he were entitled to recover for such injury, it must be, because the road was unsafe, and not for want of convenience. If the defect described in a writ, for the recovery of damages for an alleged injury by reason of such supposed defect, and attempted to be shown by evidence, is one, which to a human mind is purely imaginary, but from its character, is calculated to terrify horses, trained so as to be suitable for ordinary use, and without any want of common care and skill in the driver, he is injured in consequence of such defect, the town might be liable, if they were seasonably notified. The case put by the plaintiff's counsel, of an injury arising from the fright of a horse, occasioned by his seeing beneath him the water, through wide spaces between the planks of a bridge over a rapid and agitated river, is one, which would probably create a liability in the party bound to keep the bridge in repair, to one injured by reason of its condition. If, however, the cause alleged is a *real* defect, and the evidence relied upon is confined wholly to sustain the cause alleged; and no attempt is made to prove, and no evidence is offered in the case tending to prove, that, if the defect had been repaired, at the time of the injury, there was any thing unusual in the appearance of the place, or calculated to produce an injury by the fright of a horse, it would be otherwise.

The plaintiff complains, that he was injured because the road was *defective and dangerous*, on account of a large hole, which frightened his horse. Witnesses for the plaintiff represented the hole as entirely open or partially filled with stones; witnesses for the defendants represented, that the hole which had been there, at the time of the accident was entirely filled with small stones, and perfectly repaired. No suggestion is made, that the materials, used for the repair, were not entirely proper for the purpose, if the repair was made; the case finds, that the appearance was not unusual, if the defect was repaired in the mode in which it was contended by the town, that it

was done ; no attempt is shown to have been made, to prove, that even the appearance was calculated to frighten a horse, if no hole existed at the time of the accident; but the plaintiff relied upon the proof of the existence of the hole. If the town had the proper notice of the defect, and there was no want of care and skill in the driver, and the horse was suitable, the verdict shows under the instructions, that the jury found that the horse or carriage wheels in traveling, could safely pass over the place alleged to be defective and dangerous, without any danger. It is not to be expected that the aspect of the road would not undergo a change by filling a hole, and rendering the place where it was, safe as a carriage road, so as to occasion no danger. It would probably be impossible to find materials, and so place them, that the spot should appear precisely as it did before the defect existed, but if repaired in the usual manner, so that the appearance was not unlike roads, when similar injuries were repaired, the town could not be liable therefor on an indictment, and consequently not to an individual for an injury received. It does not appear from the case, that there was evidence, which called for the instruction last requested by the plaintiff and withheld ; and it does appear, that the instruction given at the defendants' request was authorized.

It is insisted, that the statement made by the Judge to the jury, " that as to the kind and magnitude of the defect, which would render a town liable, no precise and distinct rule could be laid down for all cases; much must be left to the good sense, experience and discretion of the jury," was an abrogation of the requirement of the statute, that the road be safe and convenient. No such intention can fairly be deduced from the language used, and it is not perceived, that the jury could have so understood it. They were distinctly informed, that the town would be liable for any defect, however slight, which occasioned the injury, other necessary facts being established. It is manifest, that it was designed, that the jury should be informed, that the law had not prescribed what imperfections in a road would constitute the defect referred to in

the statute; it was a fact for the jury to settle, what condition of the road would render it safe and convenient, or otherwise; herein there was no error. Of the width of the traveled part of the road, whether it should fall off on each side from the centre, or be level, from one side to the other; whether there may be with propriety a depression in one place and an elevation in another, to what angle the hills shall be reduced, whether the way shall be made of one material or another, and many other things, connected with the requirement, that the road may be " safe and convenient," the law is silent, and might be determined somewhat by the circumstances attending each road. The evidence of the condition of a road, for a defect in which an indictment or civil action is tried, must be submitted to a jury, who find, whether there is or is not a defect.

*Exceptions overruled.*