By the Court. Bosworth, Ch. J.
—There can be no pretence upon the evidence given, that Henry Hart had the iron awning rail removed on" his own account. It was not done to accommodate his individual business; but to facilitate the operations of the Third Avenue Railroad Company. And even had he caused it to be done with a view to the more convenient transaction of some business, of which he was the sole proprietor, he would not be liable.
The cases of Pack v. The Mayor, &c. of New York, (4 Seld. 222,) and Kelly v. The Mayor, &c., of New York, (1 Kern. 432,) are conclusive.
The injury did not result from the work itself; that is, it was not a natural or necessary consequence of the removing of the awning rail.
It resulted from the manner in which the work was done, and from the negligence of Carnley’s men while doing it.
Hart, whether on his own account or on account of the Third Avenue Railroad Company may not be very material, employed Carnley to remove this awning rail. This rail, we must assume, might lawfully be removed; with *514 the manner of removing it, or with the question by which of Carnley’s men the removal should be effected, Hart could not interfere; Carnley having undertaken to do the job, had the right to send such of his men as he deemed best, and to exercise his own judgment, or permit his workmen to exercise theirs, as to the best mode of executing the work.
The men whom he sent, were his servants, and not Hart’s; they were working for, and under Carnley; and not for, or under Hart.
The opinion in Storrs v. The City of Utica (17 N. Y. R. 104) reaffirms the rule as applied in the two cases first cited; and while it forcibly questions the accuracy of its application, as made in Blake v. Ferris, (1 Seld. 48,) does so upon the ground, that there, the injury was not caused by negligence in the actual performance of the work; but by leaving a ditch carefully and skilfully dug in a public street, unguarded at night, by reason of which the plaintiff’s carriage'was driven into it.
In the case before us, if the injury had resulted from some dangerous condition in which the defendant had put the street; and that condition, and not the means by which it was created, had caused the injury; then it might be said that the defendant was the author of the mischief, as he created a condition of things, which, in the very state he had contracted for, caused the injury. But when the thing contracted for cannot of itself be dangerous or injurious to others, unless it becomes so by reason of the negligent or unskillful manner in which the work is done; and while it is being done, and injury results from such negligence or unskillfulness, only the persons chargable with the negligence or unskillfulness, and their principal are liable. (Potter v. Seymour, 4 Bosw. 140.)
We have seen that the negligence in question was in the manner of doing the work, and while doing it; and that the persons guilty of it were the servants of Carnley, and not of Hart. ’ Hart was not present while the work was *515 being done, nor did he give any directions, or in any way assent to the manner of doing it.
On the evidence given, and as it stood when both parties had rested, the defendant was entitled to a dismissal- of the complaint. It shows clearly, as we think, that the work was done solely at the instance of, and for the Third Avenue Railroad Company.
It was no more done for Hart, than it would have been done for the President or Secretary of the Company, if either of those officers had in behalf of that company done precisely what Hart did.
The judgment must be reversed, and a new trial granted, with costs to abide the event.
Ordered accordingly.