[Holt *v.* Whatley.]

# Holt *v.* Whatley.

### *Action for Damages for Personal Injuries.*

1. *Liability of principal and agent, for negligence of servants or sub-agents.* — A contractor is not the agent of his employer, except as to the specific results which he undertakes to accomplish ; and he is himself responsible to third persons for his negligence, or for the negligence of servants or other persons employed by him in the execution of the work.

2. *Sufficiency of complaint.* — In an action on the case, to recover damages for personal injuries sustained by plaintiff while in defendant's employment, it is not necessary that the complaint should negative fault on the part of the plaintiff, or deny contributory negligence.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Gabe Whatley, a freedman, against James L. Holt, to recover damages for personal injuries sustained by the plaintiff by the fall of the new market-house in the city of Montgomery, in October, 1872, while he was employed as a workman by the defendant, who had undertaken to do all the wood-work for the contractor, Geo. M. Figh. The overruling of demurrers to each count of the complaint is the matter now assigned as error.

HERBERT & MURPHEY, for appellant.

GRAHAM & ARRINGTON, *contra.*

B. F. SAFFOLD, J. — The complaint for damages for personal injuries represents, in three counts, the responsibility of the appellant (defendant) as sub-contractor for the construction of the roof of a market-house ; the employment of the appellee (plaintiff) to work thereon ; the falling of the roof while he was so engaged, inflicting serious injury upon him ; and the gross negligence of the defendant in failing to have the roof constructed in a substantial and workmanlike manner, which would have been known to him by the exercise of proper care and diligence, but which was unknown to the plaintiff.

A demurrer to the complaint was overruled. Its grounds were : 1st, No cause of action shown against the defendant ; 2d, Failure to aver the exercise of due diligence on the part of the plaintiff, in ascertaining the danger he was subjecting himself to ; 3d, Failure to deny contributory negligence.

1. A contractor, whether subordinate or principal, is not the agent or servant of his employer, in relation to anything but the specific results which he undertakes to produce. His employer, therefore, is not responsible to third persons for his negligence, or for that of his servants, agents, or sub-con-

tractors, in the execution of the work. *O'Roorke* v. *Hart*, 7 Bosw. 511, 514 ; *Allen* v. *Willard*, 57 Penn. St. 374 ; Shearman & Redfield on Negligence, § 79. " The party employee had the selection of the agent employed ; and it is reasonable that he who has made choice of an unskilful or careless person to execute his orders, should be responsible for any injury resulting from his want of skill or want of care." Baron Rolfe, in *Reedie* v. *London & Northwestern R. R. Co*. 4 Exch. 244. The averment of the complaint precludes the liability of any principal of the sub-contracting defendant.

2. The weight of authority is decidedly adverse to the necessity of averring in the complaint a denial of contributory negligence, or want of fault on the part of the plaintiff. When the injury to the plaintiff, the responsibility of the defendant for it, and his negligence are shown, a judgment for damages must follow without some defence. But the fault of the plaintiff, whether in complete defence to the action, or in mitigation of damages, appearing from the evidence, is available for the defendant, and it is immaterial how it is made to appear. Shearman & Redfield on Negligence, §§ 43–45, and cases cited; *Ala. & Flor. R. R. Co*. v. *Waller*, June term, 1872. The demurrer was properly overruled.

The judgment is affirmed.