# 𝖂𝖍𝖊𝖊𝖑𝖎𝖓𝖌.

## SHEFF *et ux. v.* THE CITY OF HUNTINGTON.

### Decided March 27, 1880.

1. If a person is injured by reason of a public road being out of repair, the corporation, whose legal duty it is to keep the road in good repair, is liable to him for damages, whether it had notice of such defect, or not.

2. In such a case it is not necessary to allege and prove that the corporation knowingly and negligently permitted the road or street to get out of repair.

3. Neither is it in such a case necessary for the plaintiff to allege in his declaration and prove, that he was using ordinary care, and was not therefore guilty of negligence which contributed to his injury.

4. In an action for injury, if the negligence of the plaintiff contributed to produce the injury complained of, that is purely matter of defence, and the burden of proof is on the defendant.

5. If the evidence, whether introduced by the plaintiff or defendant, shows that the negligence of the plaintiff was the proximate cause of the injury, the plaintiff cannot recover in the action.

6. Whether the negligence of the plaintiff was the proximate cause of the injury, is a question for the jury.

7. *Remote* negligence of the plaintiff will not prevent his recovery for an injury *immediately* caused by the negligence of the defendant.

8. The negligence of the plaintiff, which defeats his recovery, must be a proximate cause of the injury.

9. Where there is an assumption of a fact in an instruction given to the jury, and the evidence which is certified as to the correctness of the assumption is so full and uncontradicted as to necessitate the inference that it was undisputed or tacitly admitted, the judgment will not be reversed because the fact was so assumed to be true.

| | |
|---|---|
| 16 | 307 |
| 34 | 535 |
| 16 | 307 |
| 35 | 277 |
| 35 | 393 |
| 35 | 410 |
| 36 | 703 |
| 16 | 307 |
| 37 | 46 |
| 37 | 602 |
| 16 | 307 |
| 39 | 104 |

1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.

| | |
|---|---|
| 16 | 307 |
| 40 | 441 |
| 40 | 487 |
| 16 | 307 |
| 42 | 200 |
| 42 | 803 |
| 16 | 307 |
| 43 | 803 |
| 16 | 307 |
| 44 | 221 |
| 16 | 307 |
| 46 | 505 |
| 16 | 307 |
| 47 | 126 |
| 16 | 307 |
| 50 | 315 |
| 16 | 307 |
| 51 | 397 |
| 16 | 307 |
| 54 | 516 |
| 16 | 307 |
| 55 | 599 |
| 16 | 307 |
| 56 | 131 |
| 57 | 98 |
| 57 | 292 |
| 16 | 307 |
| 58 | 312 |
| 16 | 307 |
| j 59 | 33 |
| 16 | 307 |
| 61 | 279 |
| 16 | 307 |
| f64 | 135 |
| 64 | 136 |
| 16 | 307 |
| 66 | 397 |

1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.

10. It would be error to instruct the jury, that "if anything else than the negligence of the defendant contributed to produce the injury complained of, the plaintiff cannot recover."

11. Where a bill of exceptions to the judgment of the court refusing a new trial certifies all the evidence introduced on the trial, instead of the facts proved, an Appellate Court will not consider the parol evidence of the exceptor, so far as it is in conflict with that of the defendant in error; and when the evidence, as it thus appears, does not show that the verdict was contrary thereto, the judgment should not be reversed.

12. A new trial, asked on the ground that the verdict is contrary to the evidence, ought to be granted only in a case of plain deviation from right and justice, and not in a doubtful case merely because the court, if on the jury, would have given a different verdict.

13. Where a case has been fairly submitted to a jury, and a verdict fairly rendered, it ought not to be interfered with by the court, unless manifest wrong and injustice have been done, or unless the verdict is plainly not warranted by the evidence or facts proved.

14. Where some evidence has been given which tends to prove the fact in issue, or the evidence consists of circumstances and presumptions, a new trial will not be granted merely because the court, if upon the jury, would have given a different verdict. To warrant a new trial in such cases, the evidence should be plainly insufficient to warrant a verdict. And this restriction applies *a fortiori* to an Appellate Court.

15. In an action for an injury, where it is material to the plaintiff's case to prove that a road, mentioned and described in the declaration, is a public road, and the uncontradicted evidence before the jury shows that the said road had been used as a public road for forty years, and that the street commissioner of the city defendant in the action, had for years kept it up as such, the jury are warranted in finding that it was a public road.

16. The question of contributory negligence is for the jury to determine, and unless from the certificate of the evidence or facts proved it appears, that the evidence on the subject of contributory negligence was such that the court would be justified in setting aside the verdict and granting a new trial, the verdict will not be set aside on the ground that the plaintiff was guilty of contributory negligence, it being a question of fact and not of law.

17. In an action against a city for damages, caused by a defective road or street, the evidence shows that the plaintiff's leg was broken, and she was unable to walk in consequence thereof for four months, and suffered great pain, and was put to considerable expense in consequence of the injury, and the jury rendered a verdict for $1,841.67 damages. The court will not set aside the verdict on the ground that the damages are excessive.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Cabell, rendered on the 30th day of March, 1878, in an action of trespass on the case, wherein George Sheff and Margaret S. Sheff, his wife, were plaintiffs, and the said The City of Huntington was defendant, allowed upon the petition of the said defendant.

1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.

Hon. Evermont Ward, judge of the ninth judicial circuit, rendered the judgment complained of.

JOHNSON, JUDGE, furnishes the following statement of the case:

This is an action on the case for damages suffered by female plaintiff, by reason of a certain road in said city being out of repair. The declaration was filed at February circuit court rules, 1877. The declaration is as follows:

"George Sheff and Margaret Scheff, his wife, complain of the city of Huntington, a corporation organized, existing and doing business under the laws of the State of West Virginia, which has been duly summoned, &c., of a plea of trespass on the case: For this, that whereas, before and at the committing of the grievances, wrongs and injuries hereinafter mentioned, there was a common and public highway or road running along the bank of Guyandotte river on the lower or west side of said river through a part of said city of Huntington, and within the corporate limits thereof, in the said county of Cabell, intersecting Thirty-first street of said city, over, on and upon which said common and public road the citizens of this State and all others had the right to travel, pass and repass without hinderance or obstruction, and it was the duty of the said defendant to put and keep that part of the said common and public road that was within the corporate limits of the said city of Huntington in good repair; yet the said defendant well knowing the premises heretofore, to wit, on the 1st day of October, 1876,

and for a long time previous thereto, at the county and city aforesaid, wrongfully and injuriously allowed and permitted that part of the said common or public road situated in its corporate limits to become and remain in bad condition, order and repair, in this: That the said defendant allowed the said road to become sideling, and permitted a large rut to be worn in, along and across said public road at or near a sugar-tree, standing in or on the side of said road a short distance above the place the Chesapeake and Ohio railroad crosses said public road, in the city and county aforesaid, and within the corporate limits aforesaid, and by means whereof afterwards, to wit, on the day and year aforesaid, at the city and county aforesaid, the said plaintiff, Margaret S. Sheff, wife of the plaintiff, George Sheff then lawfully riding, going and passing in, upon and along the said common and public road in and with a buggy to which one horse was attached and hitched, and on the sideling place aforesaid the said buggy slipped and slid, and the wheels on one side thereof fell into the said rut, whereby she, the said Margaret S. Sheff, was then and there violently thrown out of said buggy, and then and there was greatly injured, bruised, wounded and crippled, and her life put in great danger and peril, to wit, at the city and county aforesaid. Wherefore, and by means of the premises and the wrongs and injuries mentioned, the said plaintiffs have been greatly injured and have sustained damages to the amount of $5,000.00, and therefore they sue, &c."

On the 26th day of March, 1878, the defendant demurred to the declaration, which demurrer was overruled; and thereupon the defendant pleaded "not guilty." The trial before the jury commenced on the same day; and on the 29th day of March, 1878, the jury found for the plaintiffs and assessed their damages at $1,841.67. A motion for a new trial was submitted, which the court overruled, and entered judgment on the verdict. On the trial the court signed a bill of exceptions, taken by

the defendant to the refusal of the court to give an instruction asked by it, and to the giving of two instructions at the request of the plaintiffs, and to the refusal of the court to set aside the verdict and grant a new trial. The bill of exceptions certifies all the evidence, as it also does the instructions given and refused. The instructions, and also so much of the evidence as is necessary to be considered are referred to in the opinion.

To the judgment of the court upon the verdict the defendant obtained a writ of error and *supersedeas.*

*Eustace Gibson* and *Simms & Enslow,* for plaintiffs in error, cited the following authorities:

Acts 1872-3, ch. 194, § 60; 2 Dillon Mun. Corp. §§ 499, 500 and note, 505 and note 1, 2, 766-769; 6 N. Y. 257; 19 Ohio 238; 9 W. Va. 215; 43 Wis. 513; 28 Am. Rep. 558; 26 Me. 234; 43 Me. 492; 12 Pick. 177; 21 Pick. 146; *Id.* 254; 12 Metc. (Mass.) 415; 6 Gray 64; 8 Allen 138; 101 Mass. 455; 27 Vt. 443; 23 Conn. 337; 19 Conn. 566; 18 N. Y. 246; 20 N. Y. 65; 24 N. Y. 430; 35 N. Y. 9; 28 Ohio St. 340; 16 Ill. 300; *Id.* 558; 13 Ill. 585; 50 Ind. 65; 41 Ind. 269; 42 Iowa 192; 28 Mich. 440; 51 Miss. 234; 17 Ga. 136; 22 Tex. 55; 9 Md. 108; 20 Am. Rep. 552; 3 Allen 402; 1 Dillon Mun. Corp. §§ 9, 10 and note, 33, 35 and note, 60 and note, 230 and note 1; 5 Call 548; 5 Gratt. 241; 8 Gratt. 632; 25 Gratt. 830; 1 Dillon Mun. Corp. §§ 235-237 and note, 381-383 and note; 2 Dillon Mun. Corp. §§ 469, 470; 41 N. H. 44; *Id.* 317; 57 N. H. 88; 43 N. H. 265.

*James H. Ferguson,* for defendant in error, relied on the following authorities:

Acts 1871, ch. 119; *Id.* §§ 41, 44, 45; Code ch. 43, § 55; Acts 1872-3, ch. 194, § 60; Shear. & Redf. Neg. (20 ed.) pp. 440, 441; 6 W. Va. 312; 11 W. Va. 14; *Id.* 21, 22; *Id.* 26-30; 9 W. Va. 252; 5 W. Va. 115; 13 Gratt. 587.

1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.

JOHNSON, JUDGE, delivered the opinion of the Court:

The first question presented is: Should the demurrer to the declaration have been sustained?

The counsel for plaintiff in error insists that the declaration was demurrable, because "the plaintiffs in their declaration do not allege that the defendant or any of its corporate officers, *had any notice* that the road or place complained of was out of repair or in bad condition, before the injury complained of occurred."

It is not necessary that the declaration should contain Syllabus 1. any such allegation. The statute gives an action for any injury to any person by reason of a public road or bridge being out of repair. The statute does not limit the liability of the corporation, whose duty it is to keep a public road or bridge in good repair, to cases in which they have had notice of any defect in the road. It is the duty of the corporation to *know* that the road is in good repair, and see to it that citizens may have full protection from injury by reason of the roads being in an unsafe condition. If a person is injured by reason of a public road being out of repair, the corporation, whose legal duty it is to keep the road in good repair, is liable to him for damages, whether it had notice of such defect or not. Shearman & Redfield on Negligence, § 369 ; *Merrill* v. *Hampden,* 26 Me. 234 ; *Howe* v. *The Town of Castleton,* 25 Vt. 162 ; *Griffin* v. *Town of Williamstown,* 6 W. Va. 312.

The second objection to the declaration is, that "it does not allege that the defendant *knowingly* and *negligently* on its part allowed or permitted said place or said road complained of to get in bad order or condition, or out of repair."

Neither was it necessary for the declaration to contain Syllabus 2. such an allegation ; for it is not even a defence to an action for an injury caused by a defect in a highway, that the city used ordinary care and diligence in repairing the road or street, if by such care the same was not made

safe and convenient, but remained defective. *Horton* v.

*Inhabitants of Ipswich*, 12 Cush. 488. If it would not be a defence, of course it would not be necessary to allege in the declaration and prove, that the city knowingly and negligently permitted the road or street to get out of repair.

The third objection to the declaration is, that "it does not allege directly that the place or road complained of was under the jurisdiction of the corporate authorities of said city." This is surely a misapprehension on the part of counsel, as an inspection of the declaration will show.

The fourth objection to the declaration is, that "it does not allege that the road was out of repair."

The language of the declaration is: "Yet the said defendant well knowing the premises heretofore, to wit: on the 1st day of October, 1876, and for a long time previous thereto, at the county and city aforesaid, wrongfully and injuriously allowed and permitted that part of the said common or public road situated in its corporate limits to become and remain in bad condition, order and repair, in this: that the said defendant allowed the said road to become sideling, and permitted a large rut to be worn in, along and across said public road, at or near a sugar-tree standing in or on the side of said road a short distance above the place the Chesapeake and Ohio Railroad crosses said public road and within the corporate limits aforesaid, by means whereof," &c. It would be technical indeed to hold that this language was not equivalent to saying the road *"was out of repair."*

The fifth and last objection to the declaration is, that it does not allege "that the female plaintiff was using ordinary care in driving and passing over and along said road and place complained of at the time of the said accident and injury."

It was not necessary for the plaintiffs to allege in their Syllabus 3. declaration, that they were using ordinary care and were not guilty of negligence which contributed to the injury

of the female plaintiff.    Negligence in the plaintiffs contributing to the injury is a defence at common law, the benefit of which the defendant may avail himself in a proper case.  *Snyder et al.* v. *P. C. & St. L. Railway Co.*, 11 W. Va. 14 ; *B. & O. R. R. Co.* v. *Whittington's adm'r.*, 30 Gratt. 805.

The demurrer to the declaration was properly overruled.

It is insisted, that the court erred in giving plaintiffs' second instruction.  The instruction is as follows:  "If the jury believe from the evidence that the road mentioned in the declaration was within the corporate limits of the defendant, The City of Huntington, and that the same was out of repair and in a bad and unsafe condition, as charged in the declaration, and that by reason of the said road being out of repair and in such bad and unsafe condition the female plaintiff was injured, as mentioned and described in the declaration, the plaintiffs are entitled to a verdict in this case, unless they are further satisfied from the evidence, that the said female plaintiff was guilty of negligence on her part, and that her said negligence was the proximate and not the remote cause of the injury she sustained ; and that the burden of proof as to such negligence of the female plaintiff is on the defendant."

Three objections are urged by defendant's counsel to this instruction—First, "because it fails to instruct the jury that they must find that the road complained of was a *public road*, before they can find for the plaintiffs, and it leaves the jury to infer, that the finding of the other facts mentioned in the instruction is sufficient to entitle the plaintiffs to a verdict, without finding that the road is a *public one*, as charged in the declaration, and for that reason calculated to mislead the jury."  In other words, because it *assumes* that a fact necessary to the recovery has been proved in the case—Second, "because it should have instructed the jury that any negligence on the part of the driver, contributing to cause the in-

jury complained of, should be considered the negligence of the female plaintiff, and failing to embrace that qualification in so general a charge it was calculated to mislead the jury, and cause them to overlook any carelessness of the driver, although contributing largely to cause the injury"—Third, "because it instructs the jury, that the burden of proof is upon the defendant to satisfy the jury that the the female plaintiff's negligence contributed to cause the injury." A *fourth* objection is virtually urged in the exception to the ruling of the court in refusing to give defendant's *second* instruction; and that objection is, that the court instructed the jury, that "the proof of the negligence of the female plaintiff, before it could defeat her right to a verdict, must show that such negligence was the proximate and not the remote cause of the injury."

We will consider first the *third* objection : "That the court instructed the jury that the burden of proof of contributory negligence was on the defendant." There is much conflict of authority on this question. Many courts have held, that in an action on the case for an injury the burden of proof of ordinary care or want of contributory negligence is on the plaintiff. The reason given is, that as the plaintiff is not entitled to recover, if his negligence contributed to produce the injury, it is therefore a part of his case to show such a state of facts as will show he has a good case ; that the injury was the result of the act of the defendant, and in no manner of his own. *Lane* v. *Crombie*, 12 Pick. 177 ; *Adams* v. *The Inhabitants of Carlisle*, 21 Pick. 146 ; *Parker* v. *Adams*, 12 Metc. 415 ; *Lucas, adm'r* v. *New Bedford and Taunton R. R. Co.*, 6 Gray 64 ; *Counter* v. *Couch*, 8 Allen 436 ; *Hackett* v. *Middlesex Manufacturing Co.*, 101 Mass. 101 ; *Murphy et ux.*, v. *Deane, Id.* 455 ; *Lynch* v. *Smith*, 104 Mass. 53 ; *Mayo* v. *Boston and Maine R. R. Co., Id.* 137 ; *Allyn* v. *Boston and Albany R. R. Co.*, 105 Mass. 77 ; *Park* v. *O'Brien*, 23 Conn. 339 ; *Merrill* v. *Hampden*, 26 Me. 234 ; *Dickey, et ux.*, v. *Maine Telegraph Co.*, 43

Me. 492 ; *Button* v. *Hudson River R. R. Co.,* 18 N. Y. 248 ; *Wilds* v. *Hudson River R. R. Co.,* 24 N. Y. 430 ; *Reynolds* v. *New York Central and Hudson River R. R. Co.,* 58 N. Y. 248 ; *Warner* v. *The New York Central R. R. Co.,* 44 N. Y. 465 ; *The Aurora Branch R. R. Co.,* v. *Grimes,* 13 Ill. 585 ; *Owings* v. *Jones,* 9 Md. 108 ; *Brown* v. *Torrey et al.,* 22 Tex. 54 ; *Dyer* v. *Talcott.* 16 Ill. 300 ; *State of Maryland for use, &c.,* v. *The B. & O. R. R. Co.,* 24 Md. 84 ; *Maxfield* v. *Cincinnati, Indiana and Lafayette R. R. Co.,* 41 Ind. 269 ; *Louisville, New Albany and Chicago R. R. Co.,* v. *Boland,* 53 Ind. 398 ; *Carlin* v. *The Chicago R. I. and P. R. R. Co.,* 37 Ia. 316 ; *Benton* v. *The Central R. R. of Iowa,* 42 Ia. 192 ; *Dressler* v. *Davis, et al.,* 7 Wis. 527 ; *The Lake Shore and Michigan Southern R. R. Co.,* v. *Miller,* 25 Mich. 274 ; *The Michigan Central R. R. Co.,* v. *Coleman,* 28 Mich. 440 ; *Mississippi Central Railroad Co.,* v. *Mason,* 51 Miss. 234.

The foregoing decisions are based upon the theory that the defendant is only liable to respond in damages for an injury caused by his negligence. That if the negligence of the plaintiff concurred with that of the defendant to produce the injury, it cannot be correctly said that the same was caused by the negligence of the defendant. The meaning of the rule is, that, to render the defendant liable, the injury must be the result of his negligence alone. Hence, to establish a cause of action, the plaintiff must show, that the negligence of the defendant was the sole proximate cause of the injury; and to do this, he must necessarily prove himself free from contributory negligence. But the better rule, which is more in accordance with the well recognized principles of pleading and more in accordance with sound reason and the dictates of justice, is, that in an action for injury, if the negligence of the plaintiff contributed to produce the injury complained of, that is purely matter of defence, and the burden of proving it is on the defendant. *Smith* v. *The Eastern Railroad Co.,* 35 N. H.

356 ; *Hill* v. *New Haven,* 37 Vt. 501 ; *Philadelphia and*
*Trenton Railroad Co.,* 47 Penn. St. 244 ; *Beatty* v. *Gil-*
*more,* 16 Penn. St. 463 ; *Hays* v. *Gallaher,* 72 Penn. St.
136 ; *Pennsylvania R. R. Co.* v. *Weber,* 76 Penn. St. 157 ;
*Mallory et ux.* v. *Griffey,* 85 Penn. St. 275; *New Jersey
Express Co.* v. *Nichols,* 33 N. J. L. 434 ; *Durant* v. *Pal-
mer,* 5 Dutch. (N. J.) 544 ; *Milwaukee & Chicago R. R.
Co.* v. *Hunter,* 11 Wis. 160; *Achtenhagen* v. *City of
Watertown,* 18 Wis. 347 ; *Hoyt* v. *City of Hudson,* 41
Wis. 105 ; *Hocum* v. *Weitherick,* 22 Minn. 153 ; *May* v.
*Hanson,* 5 Cal. 360 ; *Robinson et ux.* v. *The W. P. R. R.
Co.,* 48 Cal. 409 ; *McQuilken* v. *The Cen. Pacific R. R.
Co.,* 50 Cal. 7 ; *Smoot* v. *Wetumpka,* 24 Ala. 112 ; *Holt*
v. *Whately,* 51 Ala. 569 ; *Thompson* v. *North Missouri
R. R. Co.,* 51 Mo. 190 ; *Texas & P. R. W. Co.* v. *Mur-
phy,* 46 Tex. 356 ; *Paducah & Memphis R. R. Co.* v.
*Hoehl,* 12 Bush 41 ; *Frech* v. *Phila. Wilm. & Balto. R.
R. Co.,* 39 Md. 574; *B. & O. R. R. Co.* v. *Whitt-
ington's adm'r.,* 30 Gratt. 805 ; *Railroad Co.* v. *Gladmore,*
15 Wall. 401; *Indianapolis & St. Louis R. R. Co.* v.
*Horst,* 3 Otto 291 ; *Snyder et al.* v. *P. C. & St. Louis
Railway Co.,* 11 W. Va. 14.

It will be observed that Maryland, Texas and Wis-
consin have changed their ruling on the subject; that
their late rulings are in accordance with what we believe
to be the correct rule. It seems as unreasonable to hold
that a plaintiff should in an action for an injury be re-
quired to allege and prove that he was not guilty of such
contributory negligence, as would defeat his action, as
to require the plaintiff in an action *for fraud and deceit,*
to allege and prove that he was not *in pari delicto* ; yet
no court has held, that in the latter case he should make
any such allegation or proof. If he is required to prove
his freedom from contributory negligence, or that he
was in the exercise of ordinary care, of course he would
be required to allege it in his declaration.

All the authorities agree, that if the evidence, whether Syllabus 5.
it is introduced by plaintiff or defendant, shows that the

1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.
Syllabus 6.

Syllabus 7.
Syllabus 8.

negligence of the plaintiff was the proximate cause of the injury, the plaintiff cannot recover. If the plaintiff's own evidence shows it, he has saved the defendant the trouble of proving it. The authorities are also in accord, that, whether or no the negligence of the plaintiff was the proximate cause of the injury, is a question for the jury. The authorities also agree, that the *remote* negligence of the plaintiff will not prevent his recovery for an injury *immediately* caused by the negligence of the defendant. The negligence of the plaintiff, which defeats his recovery, must be a *proximate* cause of the injury. *Blaine* v. *C. & O. R. R. Co.* 9 W. Va. 253.

As to the first objection to the instruction: In *Philadelphia & Trenton R. R. Co.* v. *Hagan et al.* 47 Penn. St. 244, the instruction complained of was as follows: "The employes of the train of the defendants were required to approach the crossing of the public street or highway, *where the injury complained of occurred*, at a moderate rate of speed, and to give timely warning to travelers and pedestrians lawfully going upon, or over, or across the public street or highway. And if the plaintiffs have shown that by neglect or omission on the part of those having charge of the train, their duties were not fulfilled in this case, the defendants are liable, unless it be shown to the jury affirmatively that ordinary care was not taken by the deceased to avoid the accident." It will be seen that this instruction assumes that it was proved that the accident occurred at a public crossing, which was a very material point in the case. The court by Thompson, Judge, said: "It is true that there is an assumption in the fourth point, that the injury to the deceased occurred at the crossing of the railroad over a public street or highway; but if this had not been true in fact, it is difficult to understand why the attention of the court was not called to it, with a request to charge on the true state of the facts in that particular, or at least on the defendant's hypothesis in regard to it. This was so obviously the duty of the defendant's coun-

sel, and their experience such, that it strengthens much
the argument that the assumed fact was exactly true. In
looking carefully at the testimony we cannot say that
there was an absence of evidence, as contended for by
the counsel for the plaintiffs in error, on this very point,
so as to justify a reversal of the case for a direction with-
out evidence to sustain it."

Of course it was a material part of the plaintiffs' case
at bar, not only to allege as they did, but also to prove
to the satisfaction of the jury, that the road or street, on
which the injury occurred, was a public road or street.
It is true, that the plaintiffs' second instruction, which
we are considering, *assumed* that it was proved in the
case that it was a public road or street. The record fails
to disclose that the counsel for the defendant asked any
instruction on that point. There is certainly not only
testimony upon the question in the record, but the evi-
dence on that point is uncontradicted ; and after a care-
ful examination of the evidence, which is all certified, we
are of opinion that it fully justified the jury in finding,
as they did, that the injury occurred on a public road or
street, which the defendant under the law was charged
with keeping in good repair. It would be not only un-
fair to the plaintiffs, but unfair also to the court which
tried the case, under these circumstances to hold, that
the judgment should be reversed, because the point found
by the jury and uncontradicted by the evidence was *as-
sumed* to be true in the instruction. It might very well
occur, that the evidence on a certain material point was
so full and clear, that it would not be contested at all
by the defendant, and upon which at the trial his coun-
sel would not make himself so ridiculous as to ask an
instruction ; yet that point being *assumed* to be true in
an instruction, according to the position taken by defend-
ant's counsel here, would be just ground of reversal.
The court in giving instructions has its attention called
to the points embraced therein, and to them only ; and
it cannot be expected to guard every possible point not

brought to its attention. Instructions must not be held
to be traps to catch the unwary. It is not necessary for
us to go to the extent the Pennsylvania court did in the
case we have cited; and we must not be understood as
approving that case now, farther than it sustains the posi-
tion we have taken in this case. Here no harm could
possibly result to the plaintiff in error by the instruction
complained of assuming that it was proved that the road
was a public one. It is safe to hold, as we do, where

Syllabus 9.

there is an assumption of fact in an instruction given to
the jury, and the evidence which is certified as to the
correctness of the assumption is so full and uncontra-
dicted, as to necessitate the inference that it was undis-
puted or tacitly admitted, the judgment will not be re-
versed because the fact was so assumed to be true. *Locke*
v. *United States,* 2 Cliff. 574; *Indianapolis, &c., R. R.
Co.,* v. *Horst,* 3 Otto 299.

The second objection to the instruction is, because it
did not instruct the jury that any negligence on the part
of the driver, contributing to cause the injury complained
of, should be considered as the negligence of the female
plaintiff, &c. After what has already been said as to the
first objection to the instruction as given, it is sufficient
to say, that no such instruction was asked for by the
defendant's counsel.

We have answered all objections to the plaintiffs' sec-
ond instruction, and the giving of said instruction in the
terms in which it was given is not prejudicial to the de-
fendant, and the judgment will not be reversed, because
said instruction was so given.

The defendant's counsel insist that the court erred in
giving the *third* instruction for the plaintiffs. The in-
instruction is as follows: "If the jury believe from the
evidence as mentioned and set forth in the first and
second instructions, that the injury to the female plain-
tiff was *immediately* caused by the negligence of the de-
fendant in failing to keep the said road in repair, as
charged in the declaration, and that the female plaintiff

was guilty of *some* negligence, which might have been the *remote* but not the *proximate* cause of the injury, they must find a verdict for the plaintiffs" We have already considered the objection to this instruction; and as before seen, the opinion of this Court in *Blaine* v. *C. &. O. R. R. Co.*, *supra*, is a complete answer to the objection.

The defendant's counsel also insist that the court erred in refusing to give the second instruction asked for by them. The instruction asked and refused is as follows: "If the jury believe from the evidence that anything else than the negligence of the defendant contributed to the cause of the accident complained of, or if it occurred in any part through the female plaintiff's own negligence, they must find for the defendant." The above instruction comes far short of expounding the law correctly. It consists of two propositions, neither of which are correct. First, that if anything else than the negligence of the defendant contributed to the injury, the plaintiff cannot recover; and second, if the injury occurred in any part through the female plaintiff's own negligence, the plaintiffs cannot recover. It would be error to instruct the jury, that if anything else than the negligence of the defendant contributed to produce the injury complained of, the plaintiffs cannot recover. It might be, that storm or lightning frightened the horse near the defective part of the highway, and thus made it impossible for the driver, by the use of extreme care even, to avoid the injury; could it in such a case be contended for a moment that notwithstanding the negligence of the defendant the plaintiffs were not entitled to recover? See *Dreher* v. *Town of Fitchburg*, 22 Wis. 675; *Griggs* v. *Fleckenstein*, 14 Minn. 81. Another objection to the instruction is, that it is too vague and indefinite; and is therefore calculated to mislead the jury. But it is clearly wrong in principle. The last part of the instruction is opposed to the well settled principle as announced by this Court in *Blaine* v. *C. & O. R. R. Co. supra*.

41

1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.

Syllabus 10.

1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.

It is alleged that the court erred in refusing to set aside the verdict and grant the defendant a new trial. The evidence is all certified. The evidence for plain-plaintiffs was in substance and in brief as follows: "That the female plaintiff, her daughter and a boy were in an old buggy with one horse attached thereto; and the boy was the driver of the horse; that he was driving in a walk on the level ground, and when they came to a little grade, the horse started in a slow trot down the little declivity and before getting to the foot of the grade the buggy tilted up and one of the women fell out on the right side next to a hill, and the boy also fell out over the woman. The woman who fell out was the female plaintiff, and by the fall her leg was broken. The road was dusty, and the buggy wheels at the place of the accident had run over some small rock in the road, and the buggy had slipped down into a rut on the right side of the road next to the hill, which had been cut by wagon wheels to the depth of about eighteen inches, to two feet, and at the place of the accident the side of the road next to the river was much higher, and the road declined toward the hill at an angle of about twenty degrees, and that the ditch or rut was on the side next to the hill, and commenced at a sugar-tree on the left side of the road going up the river, and the road at the sugar-tree was narrow, and that roots of the tree were in the road, which made it difficult, driving up the river, to avoid the rut. It was six feet from the sugar-tree to the rut, which rut from the sugar-tree to the end of the declivity was about twenty steps long; that the condition of the road was very bad, that when the buggy slipped into the rut it came near turning over but did not quite; that Mrs. Sheff fell on the upper side of the road on a little bank. The accident occurred about ten or fifteen feet from the sugar-tree up the river therefrom; that there were no roots where the accident occurred; that the buggy had only one seat, and the three persons were sitting on the seat, immediately before the accident

1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.

occurred ; that a part or end of the seat broke off, when it tipped up; it was an old buggy, and the part broken off was lying at the place of the accident. Shortly after the accident, ten or twelve hands worked several days on the road. On the morning the jury was there the rut had been filled up, the road had been leveled, and the roots of the sugar-tree, which were in the road had been cut off. The daughter, Mrs. Handley, said they were in an old buggy, and that she knew before the accident that the seat was loose ; that she had ridden in it four or five times before, and had been in the buggy about a week before the accident with her mother. The family physician testified, that he was called to attend Mrs. Sheff, that the *tibia* or front bone of the leg was fractured, and that she suffered very much from it ; that he attended her about three months for the broken bone and other causes. It was also proved by plaintiff without any attempt on the part of the defendant to contradict it, that the road, on which the accident occurred, and the place where it occurred, *had been used as a public road for over forty years,* and that it was within the corporate limits of the defendant, The City of Huntington.

It was shown that the female plaintiff could not walk for four months after the injury. It was not shown that the female plaintiff had any knowledge of a defect in the seat of the buggy, unless such knowledge could be inferred from the fact, that she had before that time been in the buggy.

On the part of the defendant, William Maupin testified, that he was seventeen years old, that he is a cousin of the female plaintiff, and was in the buggy with her at the time of the accident; he was driving, and the buggy was on old one, that a piece of wood at the end of the seat broke off, and Mrs. Sheff fell out when the buggy slipped in the rut, which he thought was about eight inches deep, but did not examine the depth; that he did not notice the rut until the buggy slipped into it; that he had driven over the place several

times before, going different ways, and thinks he could have straddled it; that he did not fall out of the buggy at the time of the accident, and the buggy did not turn over, and he thought Mrs. Sheff would not have fallen out if the seat had not broken, but did not know that she would not have fallen out if the seat had not broken; that in coming back after the accident, he drove around the place, next to the river. I. F. Moore testified for defendant, that he was street commissioner of the City of Huntington; that the road, where the accident is said to have occurred, is three miles from the town proper, or populous part of the city, and is a road leading into Thirty-first street of the city; that as soon as he heard of the accident, he filled up the place, and that it took six men with pick-axes and shovels about two hours to fill it up; that the rut was six or eight inches deep, and that he took dirt from each side and filled up the middle. The rut could have been straddled; that as street commissioner he had worked on that road every year from 1874, and it was the last road he worked in the fall of 1875, and also in 1876, and that he did not work on it in 1876, before Mrs. Sheff was hurt; that he had been over the road in May or June, 1876, and did not see the place where the accident is said to have occurred; that the rut spoken of was about eighteen inches wide at the top. The defendant introduced a number of witnesses, who testified that they had safely driven over the place where the accident was alleged to have occurred, and that they had no difficulty in passing it.

The evidence and not the facts proved is certified in this case.

Where a bill of exceptions to the judgment of the court refusing a new trial certifies all the evidence introduced on the trial, instead of the facts proved, an appellate court will not consider the parol evidence of the exceptor, so far as it is in conflict with that of the defendant in error; and when the evidence, as it thus appears, does not show that the verdict was contrary thereto, the

judgment should not be reversed. *Newlin* v. *Beard et al.* 6 W. Va. 110. We repeat the wholesome rules on the subject of new trials, as laid down in the case of *Blosser* v. *Harshbarger*, 21 Gratt. 214. A new trial, asked on the ground that the verdict is contrary to the evidence, ought to be granted only in a case of plain deviation from right and justice, and not in a doubtful case, merely because the court, if on the jury, would have given a different verdict. Where a case has been fairly submitted to a jury, and a verdict fairly rendered, it ought not to be interfered with by the court, unless manifest wrong and injustice has been done, or unless the verdict is plainly not warranted by the evidence or the facts proved. Where some evidence has been given which tends to prove the fact in issue, or the evidence consists of circumstances and presumptions, a new trial will not be granted merely because the court, if upon the jury, would have given a different verdict. To warrant a new trial in such cases, the evidence should be plainly insufficient to warrant the verdict. And this restriction applies *a fortiori* to an appellate court.

With these rules before us, we shall not have much difficulty in this case. It certainly cannot be seriously contended, that there is no evidence tending to show that the accident occurred on a *public road*. The evidence is, that it had been used as a public road for forty years, and that for years it had been worked as a public road by the street commissioner of the City of Huntington, and from these facts and other circumstances in the case the jury were well warranted in finding it was a public road, established according to law. In an action for an injury, where it is material to the plaintiff's case to prove that a road mentioned and described in the declaration is a *public road*, and the uncontradicted evidence before the jury shows that the said road had been used as a public road for forty years, and the street commissioner of the city, defendant in the action, had for years kept it up as such, the jury are warranted in finding that the said road was a public road.

*Margin notes:*
1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.

Syllabus 12.

Syllabus 13.

Syllabus 14.

Syllabus 15.

1880
Special Term.

Sheff *et ux.*
v.
The City of
Huntington.

Syllabus 16.

It is also insisted that the verdict of the jury should have been set aside, because the plaintiff was guilty of contributory negligence. The question of contributory negligence is for the jury to determine, and unless from the certificate of the evidence, or facts proved, it appears the evidence on the subject of contributory negligence was such, that the court would be justified in setting aside the verdict and granting a new trial, the verdict will not be set aside on the ground that the plaintiff was guilty of contributory negligence, it being a question of fact and not a question of law. In the case at bar the evidence as to the negligence of the plaintiff was conflicting; and we cannot say the jury were wrong in their conclusion, that the negligence of the plaintiff was not the proximate cause of the injury.

The only other reason urged, why the verdict should be set aside, is, that the damages found by the jury are excessive. In an action against a city for damages caused by a defective road or street, and the evidence shows that the plaintiff's leg was broken, and she was unable to walk in consequence thereof for four months, and suffered great pain, and was put to considerable expense in consequence of the injury, and the jury rendered a verdict for $1,841.67 damages, the Court will not set aside the verdict on the ground that the damages are excessive.

Syllabus 17.

For the foregoing reasons, the judgment of the circuit court of Cabell county, is affirmed with costs and damages.

THE OTHER JUDGES CONCURRED.