## Case No. 6,255a.

### HAY v. WASHINGTON & A. R. CO.

[4 Hughes, 327.]

Circuit Court, E. D. Virginia. Jan. 11, 1881.

JUDGMENTS — CANCELLATION — NUDUM PACTUM— EQUITABLE RELIEF—ESTOPPEL.

[1. The owner of certain judgments against a railroad company purchased the road at trustee's sale. The price bid was not sufficient to cancel prior liens, and nothing was left to credit upon the judgments. He nevertheless marked the judgments cancelled, in order to clear the title of the property, and then conveyed it to a new company. Afterwards, the trustee's sale was annulled, and the new company dissolved. Held, that the cancellation, being without consideration, and made on the faith of the validity of the purchase, was nudum pactum, and that, after the avoidance of the sale, equity would again set up the judgments in favor of the owner.]

[2. The fact that the owner of the judgments, after their cancellation, and before the sale was annulled, spoke of the judgments as having passed to the new company, and disclaimed any interest in them, did not estop him from again setting them up after the avoidance of the sale, and the dissolution of the new company.]

[This was a bill in equity by Alexander Hay against the Washington & Alexandria Railroad Company for the purpose of again setting up certain judgments against the defendant, which he had previously marked cancelled, under a misapprehension of his rights.]

HUGHES, District Judge. The complainant bought the Alexandria & Washington Railroad at a trustee sale, and on the faith of the purchase, and of his being owner of the road, he marked the judgments which are the subject of this suit as satisfied. It is positively proved that he received no pecuniary consideration for so marking them. It is not pretended that he received payment of the moneys due by these judgments. The bid of purchase money at which the property was knocked down to him at the trustee's sale was less than the debt under the trust deed for which the property was sold, and none of it could be credited on these judgments. There was no consideration passing to complainant for his satisfaction of the judgments. He marked them satisfied because of his becoming the owner of the prop-

erty bound by the judgments, in order to clear the title. If the sale was not good, and he not the owner of the road, then the cancelling of the judgments by him was without consideration, and nudum pactum; and it is too well settled to require any citation of authorities, that equity may enquire into the fact of such a payment as this, and give redress where it is shown that no payment was really made. See, however, French v. Hay. 22 Wall. [89 U. S.] 237, 238, where this particular transaction was considered by the supreme court of the United States, and Renick v. Ludington, 15 W. Va., 323.

It is contended, however, by the defence, that the complainant for several years afterwards held out to the world that he had merged these judgments into the stock of the Washington, Alexandria & Georgetown Railroad Company, a new company which he and others formed after purchasing the railroad; that such new company assumed the ownership of the judgments, and in a settlement with the original Washington & Alexandria Railroad Company, the defendant here (after the Virginia courts had nullified the sale), included these judgments as part of the settlement which took the form of a final decree in the suit in the state court. The defendant proves that the complainant did on several occasions speak of these judgments as having passed to the new company, and did consistently disclaim any interest in or ownership of them while the new company existed; but I do not see in any of their proofs on this subject any evidence that the complainant was speaking or acting otherwise than on the faith that his purchase of the road was valid, and that his cancellation of the judgments in favor of the new company was for the purpose of releasing that particular company from the debts due upon the judgments. There is no proof of any such declarations made by him after the annulment of the sale and extinction of the new company. If the old company placed any reliance upon declarations of the complainant made while under the delusion that his purchase was valid, and the new company a legal corporation, it acted in its own wrong; the complainant is no more estopped by such declarations than he is by his having marked the judgments as satisfied; and the defendant's damage (if any it has sustained) is damnum absque injuria.

As to the claim of defendants that these judgments were included in the general settlement of accounts which took place at the close of the controversy between the old and new company which was effectuated by the decree of the state court, which ended that controversy, no proof is offered showing specifically or directly either that those judgments did enter into that settlement, or that the complainant was in any way a party to the settlement. No proof is furnished of what the claims and counterclaims were, that were the subject of that settlement. No

itemized statement, if one ever existed, is given in the proofs, of the things settled on the occasion. The court is left in total ignorance of the matters which were included in that composition. The old company claims to have "assumed" that the judgments were embraced; but, if so, the assumption is not shown to have been conceded by the new company, or by the complainant, the minds even of the two companies are not shown to have met on that assumption; and, in the absence of proof, the court is not at liberty to adopt an assumption having no status save in the mind of one party to the settlement. The marking of the judgments as satisfied did not, under the circumstances, extinguish them. They stand as liens against the property of the old company until it proves affirmatively that they have been paid in some way by itself. That proof is wanting in the case. The complainant proves that he has never been paid a dollar upon them by any company or person whatever. I do not see, therefore, how I can deny him a decree; and I will sign one setting up these judgments, and requiring the defendant company to pay them.

A true copy.
Teste.
[Seal.]                M. F. Pleasants, Clerk.
By John S. Fowler, Deputy Clerk.

[See Case No. 6,254a.]